NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DAVID LAWRENCE HOLT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 11-236-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KAREN F. HOGSTEN, WARDEN, et al., | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

David Lawrence Holt ("Holt"), an individual currently incarcerated in the Federal Correctional Institution at Manchester, KY ("FCI-Manchester") has submitted the instant *pro se* civil rights Complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and he has been granted pauper status. Because Holt has been granted *in forma pauperis* status and is asserting claims against government officials, the Court now screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).[1] Both of

---

[1] The named Defendants are (1) Karen F. Hogsten, Warden, FCI-Manchester; (2) Robert D. Ranum, Associate Warden, FCI-Manchester; (3) Angela M. Owens, Associate Warden, FCI-Manchester; (4) Tim Powers, Safety Department Supervisor, FCI-Manchester; (5) Pam Clark, Facility Department Supervisor, FCI-Manchester; (6) Shirley Smith, Laurel-B Unit Manager, FCI-Manchester; and (7) Greg Hall, former Laurel-B Unit Manager, FCI-Lexington.
       The unnamed Defendants are: (1) Facility Department Corrections Officers at FCI-Manchester; (2) Laurel-B Unit Corrections Officers at FCI-Manchester; (3) Institutional Duty Officers at FCI-Manchester; and (4) Health Services Staff at FCI-Manchester.
Each defendant is sued in his or her individual capacity.

these sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

For the reasons set forth below, Holt's *Bivens* claims for monetary damages against the named defendants in their individual capacities will be permitted to go forward at this juncture. His claims arising under the Federal Tort Claims Act ("FTCA") will be dismissed without prejudice, and Fifth Amendment claims concerning his conviction of charges filed against him in a prison Incident Report will be dismissed as moot. The Court will direct the named defendants to file an answer to the Complaint in respect to the surviving *Bivens* claims.

**I.**

Holt is serving a 180 month sentence imposed on February 16, 2006. He states that he has been an inmate at FCI-Manchester since November 29, 2007.

Holt's Complaint stems from the injuries he sustained in an accident that occurred on November 1, 2010, at approximately 6:10 a.m., at FCI-Manchester. During the accident, Holt fell from a handrail on which he was standing while attempting to adjust a television. The television was on a shelf approximately ten feet above the floor in a common area of the housing unit. While Holt was repositioning the television, it tipped forward, resulting in Holt losing his balance on the handrail and falling to the floor with the television falling on top of him. This resulted in Holt suffering serious injuries.

**II.**

Holt states that the television fell and landed on top of him, contributing to his injuries. He also states that he was rendered unconscious by the fall and that unnamed correctional officers removed him from the housing unit. Holt further states that approximately two hours later, FCI-Manchester staff transported him to Manchester Memorial Hospital where he was examined and treated for some of his injuries and then transported by ambulance to the University of Kentucky ("UK") Hospital in Lexington, Kentucky, for additional examination and treatment; he was released later that day. Holt states that he was returned to FCI-Manchester at approximately 6:00 p.m. that day. According to the Complaint, upon his return to prison, Holt "was forced to hobble up 2 flights of stairs unassisted and without crutches, cane, nor wheelchair, all the while an elevator was avail[able]." [R. 1 at 10].

Holt states that he was escorted unassisted to the prison's Health Services Department ("HSD"), for processing of the paperwork and hospital prescriptions he had received from outside the prison that day. The Complaint alleges that despite Holt's complaints to HSD personnel of severe pain and requests for a wheelchair or cane, HSD personnel "flat-out denied" all of his requests. HSD personnel also are alleged to have denied Holt's requests for medication, instead advising Holt that he would have to return to HSD the next day for sick-call and that in the interim, he could take ibuprofen for pain if he already had it..

Holt asserts that as the result the prison's failure to provide a remote control for the television set which fell on him, it was necessary to change the channel manually. This required climbing and standing on the handrail and inmate telephone station in order to reach the television to change the channel manually or to reposition the television. Holt also claims that this method of adjusting the television had become the established accepted method adopted and

3

followed at the prison. Holt claims that the prison administration and staff were negligent in permitting this *de facto* procedure to develop and to become the customary manner employed to change the channel or reposition this particular television and that this negligence resulted in the injuries he sustained from falling from the handrail.

Holt also claims that subsequent to the injuries he received from this fall from the hand-railing, FCI-Manchester Correctional Officers were negligent in the manner in which they attended to him immediately following the accident and that thereafter, the prison staff in the HSD was negligent and/or deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights, by the manner in which staff treated or failed to treat his injuries, which he itemizes as follows:

    1. The immediate and intermittent loss of consciousness and near-death experience;

    2. Severe pain in his head, mouth, jaw, neck, right shoulder, lower back, right hip, right leg, right foot, and left hand on November 1, 2010 and beyond;

    3. A closed head injury/concussion;

    4. A 6mm laceration from the plastic piece of the television set embedded in his head, requiring eleven (11) surgical staples;

    5. Right frontal periorbital impact contusion, hematoma, and swelling;

    6. Fractured right foot that was never placed in a cast for proper healing; denial of wheelchair, cane, or crutches as prescribed by UK Hospital in conjunction with discharge instructions;

    7. Fractured left thumb that was ignored, left undiagnosed for approximately thirty (30) days, resulting in swelling and tightness, and becoming permanently fused from the tip to below the second knuckle, rendering it immobile and essentially useless;

4

8.  Permanent loss of peripheral vision in right eye;

9.  Recurring severe headaches concentrated over the right eye, with sharp shooting pain across the top of head;

10.  Chronic pain in right leg, right foot, lower back, right hip, and neck, making it impossible to exercise on any regular basis like he did prior to fall, or even walk for any length of time without pain and limping;

11.  A low ringing n ears, and intermittent vertigo;

12.  Chronic fatigue and exhaustion;

13.  Cracked dentures;

14.  Declining concentration and memory; and,

15.  Mental, emotional, long-term, or other injuries as may be applicable to this action, and are not yet known or understood by Plaintiff at this time.

[*See* R. 1].

For relief, Holt requests a declaratory judgment that he has exhausted his administrative remedies as required by the PLRA and a judgment that the defendants have violated his Eighth Amendment rights.  Holt also seeks compensatory damages of $450,000.00 against each defendant, punitive damages of $1,000,000.00 against each defendant, his costs, and a jury trial on all issues triable by jury.

**III.**

On November 1, 2010, Lt. Provost delivered an Incident Report (#2085032) to Holt, charging him with Destroying, Altering, or Damaging Property Valued in Excess of $100, a Code 218 violation, and with Failing to Follow Safety and Sanitation regulations, a Code 317 violation.  The Uniform Disciplinary Committee ("UDC") referred these charges to a

Disciplinary Hearing Officer ("DHO") for further hearing. Holt was advised of his rights, and a DHO hearing was conducted on December 1, 2010. Holt submitted a written statement to the DHO, who summarized it as follows: "I am not guilty, nobody ever told me not to climb up and move the TV, I do it every day. It is not posted that I cannot move the TV, it is the only way because there are no remotes for them provided."

In a DHO Report issued on December 3, 2010, the DHO found that Holt was guilty of the charged offenses and imposed the following sanctions: (1) disallowance of 21 days of good conduct time; (2) loss of commissary privileges for 180 days; and (3) monetary restitution in the amount of $132.00 for the value of the destroyed television. Thereafter, on December 22, 2010, Holt filed an administrative remedy (No. 621289-R1) with the BOP's Mid-Atlantic Regional Office ("MARO") requesting the vacation of the DHO decision, contending that there was insufficient evidence to support the DHO findings. By decision dated April 14, 2011, the MARO remanded Holt's case to the DHO for further investigation. [R. 1-1 at 30].

On June 24, 2011, another DHO hearing was held, and on June 28, 2011, the DHO found that Holt had committed no prohibited act and directed that the incident report be expunged according to Inmate Discipline Program Statement. [R. 1-1 at 55].

Because the incident report (#2085032) was expunged, it appears that Holt has been restored to his original position and made whole in the respect that the sanctions imposed from the DHO's findings after the first DHO hearing were reversed.

**IV.**

Based on the foregoing factual backdrop surrounding Holt's Complaint, his claims can be categorized as follows: (1) negligence claims against the FCI-Manchester prison staff for (a) failing to provide a remote control for the television set which fell on him, (b)

6

permitting/condoning the practice of inmates climbing upon the handrail in order to change the television channel manually and/or to reposition the television, and (c) failing to secure the "old television" in the lower common area of Laurel B Housing Unit to prevent it from falling off its platform and injuring him; (2) *Bivens* Eighth Amendment claims alleging that the defendants have been deliberately indifferent to his serious medical needs subsequent to the injuries he sustained on November 1, 2010 ; and (3) Fifth Amendment due process claims concerning the Incident Report.  These claims are considered below.

### A.

Holt claims that his injuries resulted from the negligence of prison officials in that they breached their duty of care in the manner they handled the television which fell on Holt.  These breaches include failing to provide a remote control, condoning the practice of inmates dangerously climbing on structures to adjust or reposition the television, and failing to secure it so that it would not fall when being adjusted.  These tort claims are each cognizable under the Federal Tort Claims Act ("FTCA").

Generally, the United States is immune from suit except where its sovereign immunity is explicitly waived.  "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Mitchell*, 445 U.S. 535, 538 (1980). For there to be consent to the waiver of sovereign immunity, Congress must unequivocally express it in statutory text.  *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 929 (10th Cir.1996).  If the government has waived sovereign immunity, the Court must strictly construe it in order to prevent an expansion beyond what Congress intended.  *Pipkin v. U.S. Postal Serv.*, 951 F.2d 272, 275 (10th Cir.1991).

The FTCA, 28 U.S.C. §§ 2671-2680, provides a limited waiver of sovereign immunity. It neither creates a cause of action against the United States nor provides a means of enforcing federal statutory duties. *Myers v. United States*, 17 F.3d 890 (6th Cir. 1994) (citing *Howell v. United States*, 932 F.2d 915,917 (11th Cir. 1991); *Sellfors v. United States*, 697 F.2d 1362,1365 (11th Cir. 1983), *cert. denied*, 468 U.S. 1204 (1984)). The FTCA constitutes the United States' consent to be sued in tort actions, and the FTCA defines the scope of district court jurisdiction to entertain FTCA lawsuits. The consent is "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). Such consent is limited to cases in which "a private individual [would be liable] under like circumstances." 28 U.S.C. § 2674. The FTCA applies to federal inmates' claims alleging personal injuries sustained while incarcerated because of negligence of government employees. *See United States v. Muniz*, 374 U.S. 150 (1963).

Although Holt may have viable negligence claims arising from the November 1, 2010, incident that he could pursue under the FTCA, there is no indication of record that he has made the required presentment of his FTCA claims to the United States and exhausted his administrative remedies within the statutory scheme, a prerequisite to filing an FTCA claim in federal court. Consequently, for these reasons, his negligence claims will be dismissed without prejudice to re-file compliance with the presentment requirement of 28 U.S.C. § 2675(a) and exhaustion of administrative remedies.

**1.**

28 C.F.R. § 543.31 prescribes the procedure for filing an FTCA claim. That regulation provides as follows:

> **§ 543.31 Filing a claim.**
>
> (a) Who may file a claim? You may file a claim if you are the injured person or the owner of the damaged or lost property. A person acting on your behalf as an agent, executor, administrator, parent, guardian, or other representative may file a claim for you if the person provides a written statement signed by you giving that person permission to act for you. A representative may also file a claim for wrongful death. If you hire a lawyer or authorize a representative to act on your behalf, the agency will correspond only with that representative, and will not continue to correspond with you.
>
> (b) Where do I obtain a form for filing a claim? You may obtain a form from staff in the Central Office, Regional Offices, Bureau institutions, or staff training centers.
>
> (c) Where do I file the claim? You may either mail or deliver the claim to the regional office in the region where the claim occurred. If the loss or injury occurred in a specific regional office or within the geographical boundaries of the region, you may either mail or deliver the claim to that regional office. If the loss or injury occurred in the Central Office, you may either mail or deliver the claim to the Office of General Counsel, Central Office. If the loss or injury occurred in one of the training centers, you may either mail or deliver the claim to the Associate General Counsel, Federal Law Enforcement Training Center. 28 CFR part 503 contains information on locating Bureau of Prisons addresses.

Thus, an FTCA claim must be presented by either delivery or mailing to the BOP's regional office in the region where the claim occurred.[2]

Before filing a cause of action in the district court under the FTCA, a prisoner must meet the presentment requirement of 28 U.S.C. § 2675(a) by filing a Standard Form 95 or other written notification of an incident **with the regional office of the BOP in the region where the tort occurred**. 28 U.S.C. §§ 14.2, 543.31, 543.32. The administrative process is completed upon the BOP's denial of the claim. 28 U.S.C. § 543.30 et seq.; *see Conn. v. United States*, 867

F.2d 916, 918 (6th Cir.1989); *Storm v. Bureau of Prisons,* No. 4:08CV1690, 2010 WL 4628666 (N.D. Ohio, October 14, 2010); *Watson-El v. Wilson*, No. 08C7036, 2010 WL 3732127 (N.D. Ill. Sept. 15, 2010); *Culbertson v. Cameron*, No. 08-CV-4838, 2010 WL 1269777 (E.D. N.Y. March 30, 2010).

**2.**

In addition to presentment, "[t]he FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 82 (2nd Cir. 2005). In order to exhaust an FTCA claim, a federal inmate must first file his claim with the BOP's regional office. See 28 C.F.R. § 543.31(c). If the inmate is dissatisfied with the regional office's response, he may submit a written request for reconsideration. *See id*. § 543.32(g). Only if the inmate is "dissatisfied with the final agency action" may he file an FTCA suit in federal court. *See id.*; *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 242 (2008). Under 28 U.S.C. § 2401(b), an FTCA action may not proceed unless the plaintiff presents his claim to the appropriate federal agency within two years of the time the claim accrued.[3]

Since Holt has neither properly presented nor administratively exhausted his FTCA claims, the Court presently has no subject matter jurisdiction over those claims.

---

[2] FCI-Manchester is located in the BOP's Mid-Atlantic Region. The BOP's Regional Office for the Mid-Atlantic Region is located at 302 Sentinel Drive, Suite 200, Annapolis, MD 20701.

[3] Holt's FTCA claim would have accrued on November 1, 2010, the date he sustained the injuries complained of in this incident, and he has until November 1, 2012, to present his FTCA claim to the appropriate federal agency, the BOP's Mid-Atlantic Regional Office, 302 Sentinel Drive, Suite 200, Annapolis, MD 20701.

**B.**

Holt also brings a *Bivens* action, contending that subsequent to the injuries he sustained on November 1, 2010, the defendants have been deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights under the United States Constitution. Holt has sufficiently alleged his Eighth Amendment *Bivens* claim with respect to the named defendants. Consequently, the Court will direct the issuance of summons for the named defendants to respond to the allegations in Holt's complaint; summons will not be issued as to the unnamed defendants, as it is not possible to serve an unnamed defendant with process. Since Holt has been granted pauper status, an officer of the court will serve process on his behalf pursuant to Fed. R. Civ. P. 4(c)(2) and 28 U.S.C. § 1915(d). The Clerk's Office and the Office of the United States Marshal ("USM Office"), therefore, will be directed to serve the summons and complaint as set forth below.

**C.**

As stated, *supra*, Holt was charged in an Incident Report (#2085032) with Destroying, Altering, or Damaging Property Valued in Excess of $100, a Code 218 violation, and with Failing to Follow Safety and Sanitation regulations, a Code 317 violation. These charges proceeded to a DHO hearing, and the DHO found that Holt was guilty of the charged offenses and imposed the following sanctions: (1) disallowance of 21 days of good conduct time; (2) loss of commissary privileges for 180 days; and (3) ordered him to make monetary restitution in the amount of $132.00 for the value of the destroyed television.

Holt filed an administrative remedy, appealing this conviction. In the course of exhausting his administrative remedies, this matter was remanded to the prison for further consideration, resulting in another DHO hearing. In a decision dated June 28, 2011, the DHO

found that Holt had committed no prohibited act and directed that the incident report be expunged according to Inmate Discipline Program Statement. The DHO's decision concluded with the following statement:

> PER ADMINISTRATIVE REMEDY #621289-R1, THE INCIDENT REPORT WAS REMANDED FOR FURTHER INVESTIGATION AND RE-WRITE. INSTITUTION STAFF CHOSE NOT TO RE-WRITE THE REPORT AND IT WAS EXPUNGED BY THE ALTERNATE DHO, WHO CONDUCTED THE FIRST HEARING.

[R. 1-1 at 55].

Because it appears that Holt has been restored to his original position and made whole in the respect that the sanctions imposed from the DHO's findings after the first DHO hearing have been reversed (the 21 days of good time credit should have been restored, his commissary privileges have been restored, and his prison inmate account should have been credited with the $132.00 previously deducted therefrom for the value of the destroyed television), this claim is moot.

## V.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff David Lawrence Holt's negligence claims arising under the Federal Tort Claims Act are **DISMISSED WITHOUT PREJUDICE** to his right to re-file after he has properly presented his FTCA claims to the United States and exhausted his FTCA remedies.

2. Holt's Fifth Amendment claims concerning the disciplinary charges filed against him in Incident Report # #2085032) are **DISMISSED AND DENIED AS MOOT**.

3. Concerning Holt's *Bivens* claim, the Clerk of the Court shall prepare the documents necessary for service of process upon the named FCI-Manchester defendants, *in their individual capacities*:

    a. Warden Karen F. Hogsten;
    b. Associate Warden Robert D. Ranum;
    c. Associate Warden Angela M. Owens;
    d. Tim Powers, Safety Department Supervisor;
    e. Pam Clark, Facility Department Supervisor;
    f. Shirley Smith, Laurel-B Unit Manager; and,
    g. Greg Hall, former Laurel-B Unit Manager.

4. The Clerk of the Court shall prepare a "Service Packet" consisting of the following documents for service of process upon the United States of America:

    a. a completed summons form;
    b. the complaint and attachments thereto [R. 1];
    c. this Order; and
    d. a completed USM Form 285.

5. Additionally, the Clerk of the Court shall make seven sets of copies of the above-described documents, each set containing the following:

    a. copies of all completed summons forms issued for the defendants;
    b. copies of all completed USM Forms 285;
    c. one copy of the Complaint and all attachments [R. 1]; and
    d. one copy of this Order.

6. The Deputy Clerk shall present the Service Packet(s) and copies to the USM Office in London, Kentucky.

7. Service of Process upon Defendants Warden Karen F. Hogsten; Associate Warden Robert D. Ranum; Associate Warden Angela M. Owens; Tim Powers, Safety Department Supervisor; Pam Clark, Facility Department Supervisor; Shirley Smith, Laurel-B Unit Manager; and, Greg Hall, former Laurel-B Unit Manager, shall be conducted by the USM

Office in London, Kentucky, by serving a Service Packet *personally* upon each of them, through arrangement with the Federal Bureau of Prisons.

The USM Office is responsible for ensuring that each defendant is successfully served with process. In the event that an attempt at service upon a defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

8. The USM Office must complete service on the named defendants by serving the copies described in above paragraph 4 *by certified or registered mail* to:

> a. one set of the copies to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;
> b. one set to the Office of the Attorney General of the United States in Washington, D.C.; and
> c. one set to the Office of the Federal Bureau of Prisons in Washington, D.C.

9. The plaintiff **SHALL**:

> a. Immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.
> b. Communicate with the Court *solely* through notices or motions filed with the Clerk's Office. **The court will disregard correspondence sent directly to the judge's chambers.**
> c. In every notice, motion, or paper filed with the Court, certify in writing that he has mailed a copy to every defendant (or his or her attorney) and state the date of mailing. **The court will disregard any notice or motion which does not include this certification.**

10. The Clerk of the Court is directed to provide a courtesy copy of this Memorandum Opinion and Order to the United States Court of Appeals for the Sixth Circuit in reference to Sixth Circuit Case No. 12-5330.

This, the 3rd of May, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge